# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MARLIN M. HOGUE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.:** |
| ) | |
| **PALISADES COLLECTION,** ) | |
| **LLC; EQUIFAX INFORMATION** ) | |
| **SERVICES, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

## Jurisdiction & Venue

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"] and the Fair Debt Practices Act[1]  (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]).  Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

---

[1] Any reference the FDCPA or FCRA or any part thereof encompasses all relevant parts and subparts thereto.

2. This action is also brought under Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3. The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4. Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and the Defendants reside in this Judicial District as all Defendants are subject to personal jurisdiction in this Judicial District.

## Parties

5. The Plaintiff, Marlin M. Hogue ("Plaintiff"), is a natural person who resides within this Judicial District.

6. Defendant Palisades Collection, LLC ("Defendant" or "Palisades") is a foreign company that engages in the business of debt collection and reporting consumer credit information to credit reporting agencies. It

conducts business in this Judicial District. Its principle place of business is outside the State of Alabama.

7. Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.

## Factual Allegations

8. In August 2006, Defendant Palisades sued Plaintiff in the District Court of Madison County, Alabama, with a case number of DV-2006-2101.

9. In this suit, Defendant Palisades asserted it was the owner of a certain debt allegedly owed by Plaintiff and asserted it was owed over $6,800.00.

10. Plaintiff filed an Answer in February 2007 denying the allegations of Defendant Palisades.

11. Defendant Palisades filed a response to Plaintiff's Answer, with an affidavit from the purported "representative" of Defendant Palisades.

12. The state court set the case for trial on June 14, 2007, at 9:00 a.m. in the District Court of Madison County. Notice was sent to Defendant Palisades and Plaintiff of this trial date.

13. At all times Plaintiff was prepared for trial.

14. On June 18, 2007, the case was dismissed with prejudice.

15. The Defendant Palisades filed a motion to dimiss the case with prejudice which is an adjudication on the merits under Alabama law.

16. Defendant Palisades is not the owner of this alleged debt.

17. Defendant Palisades reported and has continued to report to the credit reporting agencies that Plaintiff owed money to Defendant Palisades and was in default.

18. Plaintiff did not and does not owe this money to Defendant Palisades.

19. The debt being collected is a consumer debt as defined by the FDCPA.

20. Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

21. Defendant Palisades is a "debt collector" as defined by the FDCPA.

22. After the adjudication on the merits in favor of Plaintiff, the Plaintiff sent a letter to each national credit-reporting agency including Defendant Equifax, requesting an investigation of the Defendant Palisades account that still appeared on Plaintiff's credit reports.

23. Plaintiff requested that the Defendant Palisades account be deleted, as Plaintiff did not owe it, which is consistent with the adjudication on the merits.

24. TransUnion and Experian deleted the Defendant Palisades account.

25. No Defendant was concerned or cared about what the state court did in the case as no Defendant intended to perform a reasonable investigation.

26. No Defendant did perform any type of reasonable investigation.

27. Defendant Equifax notified Defendant Palisades in accordance with the FCRA of the dispute by the Plaintiff and sent a copy of the dispute letter as requested by Plaintiff.

28. Alternatively, Defendant Equifax did not properly notify Defendant Palisades and, as a part of this failure, did not include all relevant information provided by Plaintiff in their notification of Defendant Palisades.  This includes notification that the state court entered a judgment in favor of Plaintiff Hogue.

29. Defendant Equifax failed to properly investigate this dispute as if Defendant had properly investigated, the Palisades account would have been deleted.

30. On October 5, 2007, Defendant Equifax issued its results of investigation, which shows the Defendant Palisades account as "paid in full" and remaining on Plaintiff's credit report as an adverse account.

31. All Defendants were provided with more than sufficient information in the disputes and in their own internal sources of information (which includes the knowledge of Defendant Palisades through its state court trial counsel that the case was a defeat for Defendant Palisades) to conduct an investigation and to conclude that the account complained of was being reported incorrectly and should be deleted.

32. The Defendant Equifax has previously proclaimed that it is obligated to rely upon whatever the public records state about a consumer.

33. For example, had Plaintiff Hogue lost the suit and a judgment was entered in favor of Defendant Palisades, and Plaintiff Hogue disputed with the CRAs, Plaintiff would have been told by Equifax that it was bound by the state court judgment which says Plaintiff Hogue owes the money.

34. This same Defendant Equifax, however, <u>refused</u> to rely upon what the state court judge actually said – adjudication on the merits for Plaintiff Hogue.

35. This adjudication on the merits in favor of Plaintiff Hogue means Plaintiff Hogue does not owe the money claimed by Defendant Palisades.

36. The state court ruling was a final judgment.

37. This final judgment was not appealed.

38. There is no avenue for appeal for Defendant Palisades of this judgment as the time to appeal has long since passed.

39. Despite this knowledge, Defendant Equifax has completely abdicated its obligations under federal and state law and has instead chosen to merely "parrot" whatever its customer, Defendant Palisades, has told it to say.

40. Defendant Equifax has a policy to favor the paying customer, in this situation Defendant Palisades, rather than what the consumer or the state court says about a debt.

41. The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to Defendant Equifax.

42. The importance of keeping false balances and/or accounts on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

43. Defendant Palisades has a policy and procedure to refuse to properly update (i.e., delete) the accounts on credit reports of consumers, like

Plaintiff, who do not owe the alleged debt. The reason is to keep false information on the credit report.

44. Defendant Palisades has promised through its subscriber agreements or contracts to accurately update accounts but Defendant Palisades has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

45. Defendant Palisades assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

46. Defendant Palisades has a policy to "park" its accounts on at least one of the consumer's credit report. This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance or pay to have the account removed in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially

lowered score which directly resulted from the Defendants' intentional and malicious conduct.

47. In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

48. All Defendants know that parking a false account will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account he does not owe.

49. All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff's disputes, which led as a direct result and consequence to all of the Defendants either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

50. At all relevant times that the Defendant Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible

accuracy of Plaintiff's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b) and state law.

51. Defendant Palisades failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

52. Defendant Palisades has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties (even after losing the state court trial), including consumer-reporting agencies such as Equifax that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

53. The Defendant Equifax has failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate the accounts in response to the disputes made by Plaintiff.

54. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit

and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

55. It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA (Defendant Palisades), FCRA (all Defendants) and state law (all Defendants).

56. All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

57. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

58. All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and

deter similar future conduct by these Defendants and similar companies.

59. Defendant Palisades is on notice from multiple sources that this type of conduct is wrong and that its procedures are woefully inadequate. For example, just in this District, Palisades has been sued for the same misconduct in the following cases: 5:07-CV-1600-UWC, 1:07-CV-0175-KOB, and 4:07-CV-0174-TMP.

60. Defendant Equifax is on notice from multiple sources that this type of conduct is wrong and that its procedures are woefully inadequate. For example, just in this District, Equifax has been sued for the same misconduct in the following cases: 5:07-CV-1600-UWC, 1:07-CV-0175-KOB, 4:07-CV-0174-TMP, 2:07-CV-1599-JHH, and 7:07-CV-1376-RDP (Judgment entered against Equifax on September 4, 2007, document number 13).

## FIRST CLAIM FOR RELIEF
**Violations of the Fair Debt Collection Practices Act**

61. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

62. Defendant Palisades violated the FDCPA in numerous ways, including, but not limited to the following:

  a. Falsely reporting the debt on Plaintiff's credit report with at least Equifax when Plaintiff does not owe the money;

  b. Suing the Plaintiff when there was no basis to do so;

  c. Continuing to assert the suit in state court when Defendant Palisades knew, or should have known, there was no basis for doing so; and

  d. Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant Palisades is not entitled to collect upon.

63. Because of the violations of the FDCPA, the Defendant Palisades is liable to the Plaintiff for declaratory judgment that its conduct violated the FDCPA, and a judgment for Plaintiff's actual damages, statutory damages, costs, expenses, and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

64. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

65. Defendant Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

66. Defendant Palisades is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting

agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

67. Plaintiff notified Defendant Equifax directly of a dispute on the Defendant Palisades account's completeness and/or accuracy, as reported.

68. The credit reporting agencies failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

69. Plaintiff alleges that at all relevant times Defendant Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of his credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

70. Plaintiff alleges that all Defendants failed to conduct a proper and lawful reinvestigation. For example, Defendants were given notice that the suit was adjudicated on the merits in favor of the Plaintiff Hogue, but Defendants apparently failed to review the court file or contact the court or contact counsel for Defendant Palisades. Other examples will become apparent once discovery is commenced.

71. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or

with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

72. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

### THIRD CLAIM FOR RELIEF
### State Law Claims

73. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

74. All Defendants intentionally published false and defamatory information related to the Defendant Palisades account.

75. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.  This includes the initial reporting of Defendant Palisades account; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint.

76. Defendants assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and account.

77. Defendants violated all of the duties the Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

78. It was foreseeable, and Defendants did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff.

79. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint. This includes the initial reporting of Defendants' accounts; the intentional refusal to properly update the accounts; and all other aspects as set forth in this Complaint.

80. Defendants invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations.

81. The Defendants acted with intentional, reckless, or wanton conduct in attempting to collect this debt (Defendant Palisades) and reporting this false information (all Defendants).

82. Defendants intentionally, recklessly, and maliciously have committed misrepresentations of material facts in that Defendants have falsely represented that Plaintiff owes or owed money to Defendant Palisades

and have suppressed the truth that Plaintiff did not and does not owe the Defendant Palisades and that the collection lawsuit was won by the Plaintiff Hogue.

83. Defendants have intended that the CRAs and all who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material facts and Defendants intended that the justifiable and reasonable reliance by others would adversely affect the Plaintiff and that has been the result.

84. Such negligence, malice, wantonness, recklessness, willfulness, intentional conduct, misrepresentations and/or suppressions of the truth proximately caused the damages set forth in this complaint anjd such conduct occurred before, during, and after the dispute to the CRAs.

85. As a result of this conduct, action, and inaction of all Defendants, Plaintiff has suffered damage as set forth in this Complaint.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.  An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

B.  Plaintiff also requests all further relief to which Plaintiff is entitled under Federal or State law, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL  35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL  35233
(205) 714-4443
(205) 714-7177 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**<u>Serve defendants via certified mail at the following addresses:</u>**

Palisades Collection, LLC
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104